IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY ROMERO, as next friend
of Joshua A. Romero,

        Plaintiff,

vs.                                               CIVIL NO. 08-1055 MCA/LFG

CHERYL BRADFORD,

        Defendant.

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

        Intervenor.

## ORDER REGARDING DEPOSITIONS
## AND EXTENSION OF PRETRIAL DEADLINES

THIS MATTER is before the Court on Defendant Cheryl Bradford's and Albuquerque Public Schools' Opposed Motion for Extension of Pretrial Deadlines [Doc. 45]. Plaintiff Mary Romero ("Romero"), as next friend of Joshua A. Romero ("Joshua"), agrees in part with Defendants' request, but opposes Defendants' request to extend the non-discovery motion filing deadline.

### Background

At the Rule 16 scheduling conference conducted on December 18, 2008, the case was assigned to a "standard" case management track with a liberal 150-day discovery schedule. Discovery was to close on May 18, 2009; Plaintiff was to disclose her experts and produce expert reports by March 18, 2009; and Defendants were to disclose their experts and produce expert reports by April 17, 2009. June 19, 2009 was the deadline for filing non-discovery pretrial motions.

Determining that Plaintiff placed Joshua's mental and emotional condition at issue, the Court granted Defendant Bradford's motion for a Fed. R. Civ. P. 35 examination to be conducted by Dr.

Elizabeth Dinsmore. The Court directed the evaluation to proceed and further provided that Ms. Bradford would have a 30-day extension from entry of the Court's order to make her Rule 26 expert report available. The Court further granted Romero an additional 30 days from Dr. Dinsmore's expert report to take Dr. Dinsmore's deposition.

Save for those extensions, the Court's initial case management plan remained in full force and effect. Thus, all discovery in this case was to close on May 18, 2009. In accord with the case management plan, Joshua's deposition was scheduled prior to the close of discovery and commenced on May 14, 2009. The deposition, however, was not concluded and was vacated at Joshua's request. The parties apparently agreed that completion of the deposition would take place at a later date, but no party filed a motion requesting an extension of the discovery deadline.

While parties are able to grant certain extensions, i.e., additional time to respond to discovery, or respond to motions, the parties may not modify the case management plan without Court approval. Fed. R. Civ. P. 16(b)(4).

The agreement to vacate Joshua's deposition had a domino effect. It was necessary to complete this deposition before Dr. Foote's deposition could be taken; and, Bradford's own expert Dr. Dinsmore wanted to review Joshua's deposition before her expert report could be completed and before her own deposition could be taken.

The final domino effect involved non-discovery motions. Defendants did not file potentially dispositive motions because discovery was not complete.

Defendants seek an extension of case management deadlines that would allow for completion of Joshua's deposition, Dr. Foote's deposition, Dr. Dinsmore's expert report and deposition. Defendants also seek an extension of time within which to file potentially dispositive motions. Romero does not oppose the extensions sought to complete Joshua's deposition, Dr. Foote's

deposition, and Dr. Dinsmore's expert report and deposition.

Romero does, however, object to allowing Defendants any more time within which to file potentially dispositive motions, arguing that the remaining discovery would not be necessary to Defendants' motion practice and motions should have earlier been filed.

At a Rule 16 status conference conducted on April 28, 2009 [*see* Clerk's Minutes, Doc. 35], the Court reminded counsel of the trial court's requirement that motions not be filed less than 90 days prior to the pretrial conference. This rule, followed by all judges in the district, ensures that the trial judge has sufficient time from receipt of completed briefing packages to consider, analyze, decide and issue opinions well in advance of a pretrial conference. Surely by the pretrial conference, the parties are entitled to know what issues remain.

At the status conference, the Court noted that while it was willing to grant some flexibility in the discovery and expert deadlines, the non-discovery motion filing deadline was fast approaching and the Court had little discretion in that area. It simply could not permit motion practice if the motions were filed less than 90 days prior to the pretrial conference.

## **Analysis**

The parties' failure to adhere to the Court's case management plan and more promptly alert the Court to problems occasioned by the vacation of Joshua's deposition and the resulting consequences of that decision, has placed the Court in an untenable position. Should the Court hold the parties to the original case management plan, it would be forced to deny completion of Joshua's deposition; the depositions of Dr. Foote and Dr. Dinsmore could not be taken; and it would deny Dr. Dinsmore's expert report as untimely. Further, the Court would be forced to deny the request to allow for non-discovery motion practice.

While such a ruling would be consistent with the Court's responsibility to set firm case management deadlines and require the parties to adhere to those deadline, the consequences would be unfair. First, it is undisputed that Romero requested that Joshua's deposition be continued, and that the parties agreed to reschedule it at a later date. Secondly, it is undisputed that the completion of Joshua's deposition is necessary for Dr. Foote's deposition to be taken and for Dr. Dinsmore's report and deposition to be completed. Third, the Court always grants parties a minimum of 30 days from the completion of discovery within which to submit any non-discovery motions. In this case, Defendants apprised the Court of their intent to file motions that may resolve particular claims or, indeed, the case itself.

The Supreme Court's decision in <u>Saucier v. Katz</u>, 533 U.S. 194, 202, (2001), *overruled on other grounds*, speaks about the importance of having courts make pretrial determinations on certain aspects of qualified immunity, lest a defendant entitled to that defense is forced to undergo the burdens of trial. Thus, the Court is obliged to consider qualified immunity issues in a pretrial context.

Additionally, should the Court deny all the motions, it may proceed to trial in a case where a trial was unnecessary, a result which would significantly increase litigation costs for all parties, contrary to the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, and unnecessarily sap precious judicial resources.

However, if the Court grants the motion, there is insufficient time remaining after granting the motion to complete the work that needs to be done before the pretrial conference. The very grant of the motion would compel the Court to violate its chambers' rule relating to the time limit prior to the pretrial conference.

This entire problem could have been obviated had the parties acted promptly to alert the Court that discovery could not be completed in time so that immediate measures could have been taken to grant limited extensions that would have allowed completion of discovery and completion of motion practice prior to the pretrial conference.  Counsel are admonished that, in the future, they are to take all steps reasonably necessary to complete their work within the time frames established by the Court, or if good cause exists that prevents completion of the work, as in this case, they are to promptly notify the Court of the problems so that corrective measures can immediately be taken to avoid compelling the Court to vacate a pretrial conference and trial.

The Court determines that Defendants' motion is well-taken and, therefore, orders as follows:

1. Joshua Romero's deposition is to be taken and completed no later than August 13, 2009.

2. Dr. Dinsmore should complete her report and provide her report to parties no later than August 31, 2009.

3.  Expert depositions of Dr.  Foote and Dr. Dinsmore shall be completed no later than September 30, 2009.

4. All non-discovery motions shall be filed no later than October 20, 2009.

The trial Court has been alerted to the scheduling problems occasioned by the motion and will address those matters separately.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge